IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-1111-RP |
| | § | |
| THOMAS ELLIOT and | § | |
| ACCUPAC, INC., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to serve Defendant Thomas Elliot ("Elliot") by publication and for an extension of time in which to effectuate service by publication. (Dkt. 6). Having considered the motion, the record, and applicable law, the Court finds that the motion should be granted.

Wells Fargo filed its complaint on December 21, 2018. (Dkt. 1). Wells Fargo's deadline to serve Elliot is March 21, 2019, but Elliot has not yet been served. By affidavit submitted with its motion, Wells Fargo describes its attempts to serve Elliot. (*See* McKeon Aff., Dkt. 1-1). Wells Fargo has (1) attempted personal service at the residential address Elliot provided, (2) attempted to locate Elliot through the employer he identified, and (3) conducted searches using several computerized directories, appraisal districts, and public records databases in an attempt to identify alternative addresses by which Elliot may be served. (*Id.* at 4–5). Based on its efforts, Wells Fargo believes that Elliot has supplied false information concerning his whereabouts. (*See id.*). Wells Fargo therefore seeks to serve Elliot by publication.

A plaintiff is permitted to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or

where service is made." Fed. R. Civ. P. 4(e)(1). The Texas Rules of Civil Procedure provide for service by publication:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication.

Tex. R. Civ. P. 109. A court may authorize substitute service by publication only after the plaintiff has attempted to serve the defendant by personal service or by certified mail, return receipt requested. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993) (citing Tex. R. Civ. P. 106(a) & (b)).

In suits involving service by publication, it is "the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant" before granting service by publication. Tex. R. Civ. P. 109. If a plaintiff files a motion accompanied by an affidavit stating the location of the defendant's "usual place of abode or other place where the defendant can probably be found" and stating specifically "the facts showing that service has been attempted [by personal service or certified mail] at the location named in such affidavit but has not been successful, the court may authorize" service by publication if the "evidence before the court shows [it] will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b).

Based on the affidavit in support of Wells Fargo's motion, the Court finds that there is good cause to grant the motion. **IT IS THEREFORE ORDERED** that Wells Fargo's motion to serve Elliot by publication, (Dkt. 6), is **GRANTED**.

**IT IS FURTHER ORDERED** that Wells Fargo may serve Elliot by publication in accordance with Federal Rule of Civil Procedure 4(e)(1) and Texas Rules of Civil Procedure 109, 114, and 116. The publication shall contain the names of the parties to this dispute, a brief statement of the nature of the suit (which need not contain the details and the particulars of the claim), and shall be published once each week for four (4) consecutive weeks in a publication in Travis County, Texas.

**IT IS FURTHER ORDERED** that Wells Fargo shall have 90 days from the date of this Order in which to serve Elliot by publication.

**SIGNED** on March 14, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE